(No. 5666.   December 17, 1931.)

DAVIDSON GROCERY COMPANY, a Corporation, Appellant, v. PAYETTE EQUITY EXCHANGE, a Corporation, Respondent.

[6 Pac. (2d) 149.]

Fisher & Coffin, for Appellant.

John H. Norris and Ira W. Kenward, for Respondent.

BUDGE, J.—This action upon an open account brought by appellant, a corporation engaged in the wholesale merchandise business, against respondent, a corporation engaged in the retail merchandise business.

It appears from the record that for the past five or six years appellant sold and delivered to respondent, from five to fifteen times monthly, merchandise upon an open account, which has periodically and continuously fluctuated, due to

delivery of merchandise to respondent, payments made by it and discounts allowed. Respondent denies that there is a balance due appellant in the sum sued for or in any amount for merchandise but affirmatively alleges that the amount sought to be recovered represents an accumulation of unlawful interest claimed by appellant. The question was submitted to the jury upon proper instructions to the effect that if it found from the evidence that there was due appellant from respondent any sum as the purchase price of merchandise sold by appellant to respondent its verdict should be for appellant for such sum, not exceeding the amount sued for, with interest; and that if it found the amount claimed to be due appellant from respondent to be made up entirely of interest then its verdict should be for respondent. The jury, by its verdict, found in favor of respondent and judgment was accordingly entered, from which judgment this appeal is taken.

It is conceded that appellant has sought to charge respondent with interest at the rate of ten per centum per annum upon the balance due on the first of each and every month, although there was no express contract in writing fixing the rate of interest at ten per centum per annum or any other rate. We are of the opinion that there is sufficient competent evidence to sustain the conclusion evidently reached by the jury that the amount sought to be recovered by appellant represents interest and was not due for merchandise, which may be implied from its verdict. C. S., sec. 2551, provides:

"When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of 7 cents on the hundred by the year on: . . . . .

"7. Money due upon open accounts after three months from the date of the last item."

The interest sought to be recovered is in violation of the foregoing statutory provision. However, appellant seeks to avoid the application thereof upon several theories. It takes the position that when payments were made by respondent upon its account the interest was taken out of each payment and the balance credited upon the amount due

for merchandise and that therefore there was a voluntary payment with knowledge by respondent and respondent cannot now be heard to question the application of the payments. This is not an action based upon the theory that it is to recover interest already proven to have been paid but an action whereby appellant seeks to recover illegal interest charged but not paid. Neither is this an action upon an account stated. (*Davidson Grocery Co. v. Johnston*, 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929.) We are therefore not constrained to hold that the position taken by appellant in this respect is well founded. There is evidence in the record that respondent, as soon as it became aware of the fact that appellant was charging a rate of interest in excess of that provided by statute, protested and refused to pay the same and maintained this position throughout. The question as to whether or not the payments were voluntarily made was for the jury. Voluntary payments presuppose *bona fides* on the part of the party exacting such payments. Appellant knew or is presumed to have known the legal rate of interest that could be charged or collected upon an open account and that said interest could not be charged until the expiration of three months from the date of the last item, and then only at the rate of seven per centum per annum. There is evidence introduced on behalf of respondent that there never had been a time when three months had elapsed after the last previous item but in fact there were fluctuations in the account one way or the other every week during practically all of the time the account was running.

Appellant also seeks to avoid the force of the statute upon the theory that where two parties have dealt with each other for a period of years in a particular way, a custom and usage thus becomes established between them and therefore, due to such custom and usage, although the interest sought to be charged and collected exceeded the legal rate, it was binding and recoverable. It is well settled that a custom or usage repugnant to the provisions of the statute is void and whenever there is a conflict between the custom or usage and a statutory regulation the statutory regulation

must control. (*Mechanics' & Metals Nat. Bank v. Pingree,* 40 Ida. 118, 130, 232 Pac. 5, and authorities there cited.)

We have considered all of the errors that we deem material.

The judgment is affirmed. Costs awarded to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.